UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-cr-00038-RLY-CSW |
| | ) | |
| DONNIE RAY ROACH, JR., | ) | -01 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On December 4, 2023, the Court held an Initial hearing on the USPO Petition for Warrant/Violation of Supervised Release (Docket No. 73), and a USPO Supplemental Petition for Warrant/Violation of Supervised Release (Docket No. 79). On January 9, 2024, the Court held a preliminary hearing whereby Defendant Donnie Ray Roach appeared in person and with his Attorney John Brinson. The government appeared by Todd Shellenbarger, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Justin Driskill.

This matter was referred to the Magistrate Judge to conduct a hearing and make a report and recommendation as to the disposition. (Docket No. 77 and Docket No., 81). The defendant was advised that the District Judge is not bound to accept the Report and Recommendation.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Roach of his rights and provided him with a copy of both petitions. Defendant requested a preliminary hearing.

2. The Court held a hearing on January 9, 2024. Witnesses were called and evidence was admitted. Arguments were made by both parties. The government withdraws alleged violation 3.

3. The allegations as fully set forth in the petitions, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall permit a probation officer to visit you at a reasonable time at home or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer."** <br><br> Mr. Roach has absconded from federal supervision. All attempts to locate or speak to Mr. Roach have been unsuccessful and his whereabouts are unknown at this time. |
| 2 | **"You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change."** <br><br> Mr. Roach failed to provide a change in address to the U.S. Probation Office when he moved from 4202 Shadwell Drive, Evansville, IN 47715. |

    **4**    **"You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer."**

        On November 13, 2023, Mr. Roach Jr. was arrested by the Evansville Police Department for various offenses. Subsequently, Mr. Roach Jr. did not notify this officer of the contact within 72 hours.

    **5**    **"You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances that impair a person's physical or mental functioning, whether or not intended for human consumption."**

        On November 28, 2023, following Mr. Roach Jr.'s arrest by the U.S. Marshal Service, Mr. Roach Jr. reported to this officer that he used methamphetamine earlier in the morning. Mr. Roach Jr. signed the Prob 4 (Admission/Denial Report) admitting to illegal use of a prohibited substance. Additionally, a post arrest search revealed Mr. Roach had small baggie containing a white-powdery-like substance which he admitted was methamphetamine.

4. The Court determined that:

    (a)    The highest grade of violation is a Grade **B** violation.

    (b)    Defendant's criminal history category is **VI**.

    (c)    The range of imprisonment applicable upon revocation of supervised release, therefore, is **21 to 24**[1] months imprisonment.

    The Magistrate Judge has reviewed the two authorities cited by defense counsel during argument. They are *United States v. Salinas*, 365 F.3d 582 (7th Cir. 2004), and *United States v. Pitre*, 504 F.3d 657 (7th Cir. 2007). Defense counsel cited these authorities for the proposition that the recommended sentencing ranges

---

[1] The Guidelines provide that the range of imprisonment for a Grade B, Criminal History Category VI is 21 – 27 months. However, as reported at this hearing, for this particular Defendant, the maximum penalty based on the original sentence is 24 months.

as contained within section 7B1.4 "informs rather than cabins the exercise of the judge's discretion." *Salinas*, 365 F.3d at 588; *Pitre*, 504 at 664. These same authorities, however, also provide "[t]he imprisonment range and policy statements set forth in U.S.S.G. § 7B1.4 . . . are entitled to great weight," *Pitre*, 504 F.3d at 664, and that the Court must consider the sentencing range recommendation. *Salinas*, 365 F.3d at 588. The *Salinas* court also noted, "[t]he violation of a condition of supervised release is not a crime as such, but it is a 'breach of trust' …" *Id*. at 589.

The testimony at the hearing on January 9, 2024, revealed that on December 1, 2022, Defendant acknowledged by written signature that the conditions of his supervised release had been read to him and that he fully understood those conditions. *See* Ex. 1. Testimony established that the officer made initial contact with the Defendant at his residence, and that the Defendant understood how to contact the officer. However, testimony also revealed that Defendant violated condition numbers 3, 7, 9, and 14. (Docket No. 79). Defendant testified that he understood that he had violated the conditions applicable to his supervised release terms. With regard to condition number 14, Defendant admitted to using methamphetamine on the day of his arrest (November 28, 2023) by the US Marshal and was found in possession of a substance he reported to officers was methamphetamine. (Docket No. 82). Therefore, Defendant committed a Grade B violation, in addition to three other Grade C violations.

Under the Sentencing Guidelines, the penalty following revocation depends on the most serious violations. *See United States v. Trotter*, 270 F.3d 1150, 1151

(7th Cir. 2001). Moreover, while defense counsel argued that Defendant's violations were not "serious," since the pending state court case permitted the Defendant to be out on his own recognizance, the undersigned cannot agree. The Seventh Circuit instructs the judge to consider what the person on supervised release did rather than what crimes he has been charged with. *Id*. at 1155. Here, the Defendant absconded from federal supervision, failed to notify his probation officer of his change in circumstances, and was arrested on new drug related charges. Defendant's underlying and original offense was possession with intent to distribute methamphetamine for which he was sentenced on October 18, 2021. He served 48 months in the federal penitentiary and began his supervision on November 29, 2022. While on federal supervision and after having failed to keep in contact with his officer, Defendant was again arrested on November 13, 2023, with new charges of possession of a controlled substance. In short, Defendant has not demonstrated a willingness or intent to comply with terms of supervised release or to cease involvement with and/or use of controlled substances.

The undersigned Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions as set forth in the petitions, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of twenty-one (21) months with no further supervision upon release from imprisonment to follow.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Date: January 10, 2024

Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system.